IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEREMY ANTWON STEELE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:19-cv-595-MHT-CSC |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Jeremy Antwon Steele's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Docs. 1 and 6.[1]

## I. INTRODUCTION

On August 23, 2005, Steele pled guilty to aiding and abetting carjacking, in violation of 18 U.S.C. §§ 21192 & 2, and aiding and abetting using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. On January 6, 2006, the district court sentenced Steele to 252 months in prison, consisting of consecutive terms of 168 months on the carjacking count and 84 months on the § 924(c) count. Steele did not appeal.

[1] References to document numbers assigned by the Clerk of Court are designated as "Doc." Pinpoint citations are to the page of the electronically filed document in the CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

On August 19, 2019, Steele, acting pro se, filed this § 2255 motion. Doc. 1. The Court ordered Steele to clarify his claims, which he did by amendment filed on September 4, 2019. Doc. 6. In his § 2255 motion as amended, Steele argues that (1) his conviction for aiding and abetting using and carrying a firearm during and in relation to a crime of violence is invalid in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019); and (2) his sentence is excessively disparate from that of his codefendant Prentess Deshun Walker.

For the reasons that follow, the Court finds that Steele's § 2255 motion should be denied without an evidentiary hearing and that this case should be dismissed with prejudice.

## II. STANDARD OF REVIEW

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Steele*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

## III. DISCUSSION

### A. Validity of Steele's § 924(c) Conviction After *Davis*

Steele claims that his conviction for aiding and abetting using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2, is invalid in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019). Doc. 1 at 4–5; Doc. 6 at 1.

Before the Supreme Court's *Davis* decision, a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) and (B) was an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or that (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The former clause is referred to as the "use-of-force" or "elements" clause, and the latter clause as the "residual clause." *Davis*, 139 S. Ct. at 2324.

In *Davis*, which was decided on June 24, 2019, the Supreme Court extended its holdings in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to 18 U.S.C. § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act ("ACCA") and 18 U.S.C. § 16(b), is unconstitutionally vague, abrogating the Eleventh Circuit's decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018), which had held the exact opposite. *Davis*, 139 S. Ct. at 2324–25, 2336. The Eleventh Circuit has since held that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re*

*Hammond*, 931 F.3d 1032, 1038–40 (11th Cir. 2019). Although *Davis* effectively voided § 924(c)(3)(B)'s residual clause, it left § 924(c)(3)(A)'s use-of-force clause intact.

On Count 3 of the indictment, Steele was convicted of aiding and abetting using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. The underlying "crime of violence" for this conviction was the carjacking under 18 U.S.C. § 2119 charged in Count 2 of the indictment.[2]

---

[2] Counts 2 and 3 specifically alleged:

> COUNT 2
>
> On or about April 24, 2004, in Montgomery County, within the Middle District of Alabama, and elsewhere,
>
> JEREMY ANTWON STEELE and
> PRENTESS DESHUN WALKER,
> a/k/a ANTONION WALKER,
>
> defendants herein, while aiding and abetting one another, did with intent to cause death or serious bodily harm, take a motor vehicle, to-wit, a 2000 Ford Expedition, … that had been transported, shipped or received in interstate or foreign commerce from a person and presence of another, to-wit: an adult female victim, to-wit "FWB," by force and violence or by intimidation in violation of Title 18, United States Code, Sections 2 and 2119.
>
> COUNT 3
>
> On or about April 24, 2004, in Montgomery County, within the Middle District of Alabama,
>
> JEREMY ANTWON STEELE and
> PRENTESS DESHUN WALKER,
> a/k/a ANTONION WALKER,
>
> defendants herein, knowingly used and carried firearms during and in relation to, and possessed firearms in furtherance of, a crime of violence for which they may be prosecuted in a Court of the United States, to-wit: "Carjacking" in violation of

The holding in *Davis* voiding § 924(c)(3)(B)'s residual clause has no effect on Steele's § 924(c) conviction. As noted above, *Davis* left § 924(c)(3)(A)'s use-of-force clause intact. Binding Eleventh Circuit precedent has established that carjacking under 18 U.S.C. § 2119 is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *See Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) (holding that carjacking in violation of 18 U.S.C. § 2119(1)–(2) is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause). That binding precedent counters any claim by Steele that his § 924(c) conviction is invalid.

It does not matter that the predicate crime of violence for Steele's § 924(c) conviction was, specifically, aiding and abetting carjacking. The Eleventh Circuit has repeatedly held that where the companion substantive offense qualifies as a crime of violence under the use-of-force clause, aiding and abetting the companion substantive offense equally qualifies as a crime of violence under the use-of-force clause. *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016); *Steiner*, 940 F.3d at 1293; *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Harvey*, 791 F. App'x 171, 171–72 (11th Cir. 2020).

---

> Title 18 United States Code, Section 2119, as charged in Count 2 of this indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

Doc. 8-1 at 3.

Because carjacking in violation of 18 U.S.C. § 2119 is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause, Steele is entitled to no relief on this claim.[3]

**B. Sentence Disparity**

Steele claims his sentence is excessively disparate from that of his codefendant Prentess Deshun Walker. Doc. 1 at 4; Doc. 6 at 1. According to Steele, he and Walker were convicted and sentenced for the same conduct, but, after a resentencing proceeding in December 2017, Walker received a sentence significantly shorter than his own sentence. Doc. 6 at 1.

In imposing a sentence, a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A district court has broad discretion when determining the weight to be given each factor in 18 U.S.C. § 3553(a).[4] *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Steele presented his same disparate-sentence claim in a pro se "Motion for Nunc Pro Tunc Judgment" filed with the Court in April 2018. Doc. 8-8. After the magistrate

---

[3] To the extent Steele may be claiming that 18 U.S.C. § 924(c), as a whole, is unconstitutionally vague (*see* Doc. 1 at 5), such a claim is procedurally defaulted, as it was not raised in the trial court or on appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Steele makes no showing of cause and prejudice necessary to overcome the procedural default. *See Lynn v. United States*, 365 F.3d 1225, 1234–35 (11th Cir. 2004).

[4] In imposing sentence, the district court is required to consider a variety of factors, including (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the kinds of sentences available, (4) the applicable sentencing guidelines range, (5) pertinent policy statements of the Sentencing Commission, (5) the need to provide restitution to any victims, and (6) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553.

judge entered a recommendation that Steele's motion be denied (Doc. 8-9), the district judge adopted the recommendation and denied Steele's motion (Doc. 8-10).

The magistrate judge's recommendation contained detailed findings why Steele's disparate-sentence argument was due to be denied. In part, the magistrate judge found:

> On February 9, 2005, Steele and Prentess Deshun Walker were indicted for multiple offenses. On August 19, 2005, Walker pleaded guilty under a plea agreement to conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (Count One), aiding and abetting carjacking in violation of 18 U.S.C. §§ 2 & 2119 (Count Two), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). Walker was sentenced to 327 months in prison, consisting of consecutive terms of 180 months on the conspiracy count, 63 months on the carjacking count, and 84 months on the firearm count. Walker later filed a 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *Walker v. United States of America*, Civ. Act. 2:14cv625-MHT (M.D. Ala. 2017). After review of the § 2255 motion, the court concluded that Walker's erroneous sentence on the conspiracy count claim was meritorious because the 180 month sentence on the § 371 conspiracy count exceeded the statutory maximum of 60 months. The court further found that Walker's claims based on *Rosemond v. United States*, 134 S. Ct. 1240 (2014); *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), afforded Walker no basis for relief. On December 21, 2017, the court resentenced Walker to 88 months' imprisonment.
>
> Steele's journey to prison took a slightly different route. On August 23, 2005, Steele pled guilty to aiding and abetting carjacking in violation of 18 U.S.C. §§ 2 & 2119 (Count Two), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). Steele's sentencing was held on January 6, 2006, and judgment was entered on January 10, 2006. Steele was sentenced to 252 months imprisonment consisting of 168 months on the carjacking offense and 84 months on the firearm offense. As Steele now puts it,
>
>> Petitioner moves this Honorable Said Court to GRANT this Motion and assist Petitioner by appointing Counsel in making the same corrections that his Co-Defendant made and in giving his case close scrutiny based on the now severe Sentence Disparity both defendants (sic)

(Doc. [8-8] at 4)

Walker and Steele's sentences are not disparate; they are different. Steele was not convicted of conspiracy; Walker was, and that led to his sentence reduction because of the erroneous imposition of a 180 month sentence on the conspiracy conviction. Of course the sentences imposed on Walker and Steele for carjacking were different, but there are myriad reasons for that.

To begin with, the court found that Steele was an organizer of the offense, warranting an enhancement as an organizer of criminal activity which included five or more participants. (Doc. [8-7] at 95) At the sentencing hearing, the court found that Steele's offense level was 31 and his criminal history category was I resulting in a Guideline range for the carjacking offense of 108 to 135 months. Based on U.S.S.G. § 5K2.0 the court found that the Guidelines did not adequately consider the risk the defendant's actions created to other people in the area where the crime was committed. *Id*. at 105.

> Also, it appears to me that the guidelines don't adequately consider the threat to the child, the child himself, in addition to the mother, Ms. Bailey, or the trauma placed on the mother and the child by the son being held hostage and her being told that the child would not be released, although later on she did get the child. I don't understand from her testimony that the child was voluntarily released to her. She desperately took her child and left with him.
>
> I think both of those things qualify as an authorization for the Court to depart upward under Section 5K2.0. Under 5K2.8, that indicates that if a—provides that if the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the Court may increase the sentence to reflect the nature of the conduct. The same things apply that I said a minute ago to 5K2.8, that she was threatened with the death of her son. Pistols were pointed at her, at the child, in the course of taking the car. It is a heinous, cruel, brutal, and degrading thing to the victim and under Section 5K2.8 would authorize the Court to depart upward.

(Doc. [8-7] at 106–07)

> With those findings, the court found that the applicable Guideline range was 135 to 168 months. And on the carjacking count, Count 2 the court imposed a sentence of 168 months and on the firearm count, Count 3, the court imposed a consecutive sentence of 84 months.
>
> But all that aside, Walker's sentence was reduced based on a specific sentencing error applicable only to him. Steele did not plead guilty to a conspiracy count which was the source of the error in Walker's case. There is no basis for Steele to complain; therefore, there is no basis for appointment of counsel.
>
> Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion (Doc. [8-8]) be DENIED.

Doc. 8-10 at 1–4 (citations to document numbers edited to correspond with § 2255 case).

Steele has provided the Court with no reason to alter its previous decision rejecting his disparate-sentence claim. As the Court previously found, the reduction in codefendant Walker's sentence was based on a sentencing error for a count that Steele did not plead guilty to. Thus, the resulting difference in Walker's and Steele's sentence was based on factor that did not apply equally to the codefendants; i.e., Walker and Steele were not similarly situated with respect to a factor relevant to the sentences they ultimately received. Steele is entitled to no relief on this claim.[5]

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Steele be DENIED and that this case be DISMISSED with prejudice.

[5] The Court agrees with the Government that Steele's disparate-sentence claim is also time-barred under 28 U.S.C. § 2255(f)(4), because it was asserted by Steele in his § 2255 motion over a year after Steele knew, or had reason to know, about Walker's December 2017 resentencing. *See* Doc. 8 at 12.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **March 24, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of March, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE